Davis *et al.*, *vs.* State of Georgia.

---

HENRY DAVIS *et al.*, plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Defendants were indicted for the offence of simple larceny, and charged with having wrongfully and fraudulently taken and carried away a certain "white hog," without alleging the hog to have been of *any value: Held,* that by the common law, at the time of our statute adopting the same, the value of the property, in an indictment for simple larceny, was required to be alleged and proved on the trial, and that that rule of the common law is still of force in this State, and a failure to allege the value of the property, alleged to have been stolen, in the indictment, is a good ground for arresting the judgment after verdict.

Criminal Pleading.   Larceny.   Arrest of judgment.   Before Judge POPE.   Fulton Superior Court.   September Special Term, 1869.

The indictment against Henry Davis and Anna Davis for simple larceny, charged that in said county, on the 4th of

May, 1868, they, "with force and arms did wrongfully and fraudulently take and carry away a certain white hog, weighing one hundred pounds, one year and one month old, said white hog being an altered male hog, the personal goods of one William Graham, with intent then and there to steal the same, contrary to the laws, etc. The defendants pleaded not guilty, and went to trial. The Solicitor General offered evidence of the value of the hog. This was objected to because no value was averred in the indictment. The Court sustained the objection. The defendants were found guilty. Defendants' attorney's moved to arrest the judgment because no value was averred in the indictment, nor proved upon the trial. The Court overruled the motion, holding that : 1st. Since the distinction between grand and petit larceny was abolished, value was immaterial ; 2d, value is immaterial when' the statute makes the taking of a specific thing, larceny ; and 3d, because this objection to the indictment came too late, under section 4546, Irwin's Code. This is assigned as error.

GARTRELL & JACKSON, for plaintiffs in error, said larceny is of personal goods : ' Irw. Code, sec. 4327, and that imports value ; 9th Metcalf, 134; 2 Arch. Crim. Pr. & Pl., 363, (note) ; 14 Gray, 376; 6th John., 103; 3 Hill, 211 ; Charlton's (Ga.) R., 518; Irwin's Code, secs. 4336, 4340, 4348, inclusive; upon the second point of the decision.: 1st Porter (Ala.) R.,.118.

E. P. HOWELL, Solicitor General for the State, as to averment of value, cited: 1st Bish. Criminal Pro., 293 ; 2d, 676, 671'; as to larceny of thing specified by statute: 20th Texas R., 780–1 ; 9th Rich., 428, 438 ; 1st Bish. Cr. Pro., 315; Irw. Code, sec. 4334 ; and that the indictment was sufficiently technical: Irwin's Code, sec. 4536 ; Wood's case, 32d Ga ; Sharp's case, 17th Ga. R.; Beck's, 16th ; Hester's, 17th.

WARNER, J.

The defendants were indicted for the offense of simple larceny, and charged with having wrongfully and fraudulently taken and carried away a certain "white hog," without alleging the hog to have been of *any value.* After a verdict of guilty, a motion was made to arrest the judgment on the ground that the hog was not alleged in the indictment to have been of any value, which motion was overruled. By the common law, at the time of our statute adopting it, the *value* of the property, in an indictment for simple larceny, was required to be alleged and proved on the trial. "Where personal chattels are 'the subject of an offense, as in larceny, they must be described specifically by the names usually appropriated to them, and the number and *value* of each species or particular kind of goods, stated." Archibold's Criminal Pleading, 22. On the trial for larceny, evidence must be given that the thing stolen is of *some value:* Roscoe's Criminal Evidence, 512. This principle of the common law is still of force in this State, and the failure to allege in the indictment the value of the property charged to have been stolen, is a good ground for arresting the judgment after verdict.

Let the judgment of the Court below be reversed.