TAYLOR JENKINS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. When there is a verdict of guilt in a criminal case, and a motion is made for a new trial, on the sole ground that the verdict is contrary to law and to evidence, and the motion is overruled, this Court will not inquire into the sufficiency of the indictment, no such question having been decided by the Judge.
2. Privately stealing any goods, etc., over $50 00 in value, in any house or building, is, by the Act of February 20, 1873, made a felony. Other forms of larceny from the house remain misdemeanors as prescribed by the Act of 1866.
3. When an indictment charges a larceny from the house of goods over $50 00 in value, and there is a verdict of guilty, and the evidence justifies the jury in thinking the goods worth over $50 00, the verdict ought to stand, notwithstanding there is some evidence to show they were worthless.
4. A verdict of guilt means guilty of the charge, as set forth in the indictment.

Criminal law. Larceny. Verdict. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

Taylor Jenkins was placed on trial for the offense of larceny from the house. The only material portion of the indictment was as follows: "For that the said Taylor Jenkins, in the county aforesaid, on the 16th day of December, in the year 1872, with force and arms, did enter the store of William B. Cox and William R. Hill, and did then and there wrongfully and fraudulently steal, take and carry away from said store-house, one barrel of whiskey, containing forty-three gallons, of the goods and chattels of said Cox & Hill, and of the value of $60 00." The defendant pleaded not guilty. The jury found to the contrary. A motion was made for a new trial, on the ground that the verdict was contrary to the law and the evidence. The motion was overruled, and the defendant excepted.

The evidence is unnecessary to an understanding of the decision.

THRASHER & THRASHER, for plaintiff in error.

JOHN T. GLENN, Solicitor General, for the State.

McCAY, Judge.

1. The general charge against the defendant is that he is guilty of "larceny from the house." We think the *evidence* justifies the finding of the jury. He did "privately steal the goods and chattels of Messrs. Cox & Hill in their house." This, under the Act of February 20th, 1873, is felony, if the goods were worth over $50 00. They are alleged to be worth $60 00 in the indictment. Mr. Cox swears he had no whiskey worth less than $1 25 per gallon, and that a barrel holds from thirty-five to forty-five gallons. The drayman swears that the barrel he hauled for defendant was full. There was, therefore, evidence to justify not only the general charge, but that the whiskey was worth $50 00. So that the verdict of guilty is not contrary to the evidence.

2. We do not inquire whether this is a good indictment under the Act of February 20th, 1873. It does not charge that the defendant privately stole in a house. There was no decision by the Judge on the validity of the indictment. No point seems to have been made on it. Perhaps a motion in arrest of judgment may yet be made, or error be assigned in the sentence, after this judgment of affirmance is put on the minutes of the Superior Court.

3. There is, without doubt, some confusion in the law as it now stands on the subject of larceny from the house. The Penal Code of 1833 defined larceny from the house as does the present Code, thus: "Theft or larceny from the house is the breaking or entering any house with an intent to steal; or, after breaking or entering said house," etc.: Cobb's Digest, page 794, section xxvi, of the Code.

Section XXVII. punishes as a felony, by imprisonment for not less than two nor more than five years, the offense of privately stealing from or in *any* house.

Section XXVIII. punishes *entering* a *dwelling house*, store, shop, warehouse, or other house or building, with intent to steal, but failing, by detection or prevention, with imprisonment from *one* to *three years*.

Section XXIX. punishes *breaking* the house, with intent to steal, and failing, from detection or prevention, etc., one to three years; but makes putting the inmates in *fear* an aggravation, and in such case, enlarges the penalty to from two to five years.

Section XXX. punishes breaking *and* entering any house—not a dwelling house—(which was burglary,) with intent to steal, but failing, from detection, etc., by imprisonment from two to four years; and also punishes breaking and entering any house (not a dwelling house) *and* stealing, with imprisonment from three to five years—making *violence, threat* or *menace, alarm,* or putting in fear, an aggravation, so as that the penalty is not less than four years.

Plainly here are several grades of the offense of larceny from the house. 1st. "*Privately*" stealing from any house—

Jenkins *vs.* The State of Georgia.

that is, without threat, menace, force, alarm, etc. 2d. *Entering any* house *with intent* to steal and being detected. 3d. *Breaking* into any house with intent to steal, and being detected—aggravated by menaces, etc. 4th. *Breaking and entering* any house (*except a dwelling house*) with intent to steal, and being detected, etc. 5th. *Breaking and entering* any house (except a dwelling house) and stealing, which may be aggravated by menaces and alarm. 6th. Entering and stealing from a hut, booth, tent, or temporary building.

The Act of 1866 reduced all these grades of "larceny from the house" to misdemeanors. The Act of February 20th, 1873, raises the first and lowest grade, "privately stealing" in any house, to a felony, but says nothing of the other grades—where there is a *breaking*, or *where* there is force, menace and alarm—where it is not "private." We may add that these provisions of the Code of 1834 are carried, word for word, into the Code of 1863, and into Irwin's Code, except that in Irwin's Code, section 4351, there is, in the second clause, a clerical error or misprint of *or* for *and*. We do not think this misprint changes the law. The Convention of 1868 adopted the laws, and only recognized Irwin's Code as an embodiment of them, and did not make a printer's mistake or a copyist's error the law of the land. We think the Act of February 20th, 1873, making "privately stealing" in any house, a felony, does not affect the other grades of this offense. True, it seems absurd to say that one grade should be raised and not the others, but it is not for the Courts to make law, however reasonable it may be. We hope the Legislature may, at its next session, correct this anomaly, as well as some others which have come from the sweeping reduction of felonies to misdemeanors by the Act of 1866.

4. We think this defendant guilty of "privately stealing" in a house from the evidence, and think it was not error in the Court to refuse a new trial on the grounds taken. Whether this is a good indictment we do not decide, as no demurrer or motion in arrest has been made.

Judgment affirmed.