## LANIER *vs.* THE STATE OF GEORGIA.

1. To charge in an indictment the breaking and entering of the storehouse of another with intent to steal therefrom his goods and chattels therein contained, is a sufficient charge of burglary without adding, "where valuable goods, wares, etc., are contained or stored." Those words in §4386 of the Code apply to the words, "or other place of business of another," in the same section, and not to the "dwelling, mansion or storehouse."

(*a.*) If is not necessary to describe the goods, etc., or to allege their value.

2. If the defendant broke and entered a storehouse with intent to steal, and was prevented from doing so in the very act of trying to open a drawer, the crime is burglary, and there was no error in charging to that effect.

3. Section 4417 of the Code, in respect to the punishment of persons "breaking and entering any house or building (other than a dwelling-house and its appurtenances), with intent to steal, but who is detected and prevented from carrying such intention into effect, or any person breaking any such house or building and stealing therefrom any money," etc., refers to other houses than those

wherein burglary is the offence, as described in §4386, which, as amended, includes other houses than the dwelling-house, and embraces storehouses.

April 20, 1886.

Criminal Law. Indictment. Larceny. Burglary. Before Judge FAIN. Gordon Superior Court. August Term, 1885.

Reported in the decision.

DABNEY & FOUCHE', for plaintiff in error.

J. W. HARRIS, Jr., solicitor general, by ROBT. B. TRIPPE, for the state.

JACKSON, Chief Justice.

The defendant was convicted of burglary, and brings the case here on assignments of error on the denial of a motion in arrest of judgment and another motion for a new trial.

1. A charge that the defendant " did then and there, unlawfully and with force and arms, the storehouse of one Jackson M. Neal, there situate, feloniously and burglariously did break and enter, with intent the goods and chattels of the said Jackson M. Neal in the said storehouse then and there being then and there feloniously and burglariously to steal, take and carry away," is good, and will support an indictment for burglary and a conviction thereof against a motion in arrest of judgment upon exceptions thereto.   Code, § 4386.

To break and enter a storehouse with intent therefrom to steal the goods and chattels of the store-keeper or owner, makes burglary, without adding " where valuable goods, wares, etc., are contained or stored," under that section of the Code.   Those words apply to the words " or other place of business of another " in the section, and not to " dwelling, mansion or storehouse " therein.   Nor is it nec-

v 76-20

essary to describe the goods, etc., or allege their value. On demurrer before verdict, it is good, much more in arrest of judgment.

2. The motion for a new trial was also properly overruled. If the defendant broke and entered the storehouse with intent to steal, and was prevented from doing so in the very act of trying to open the drawer, the crime is burglary, and there was no error in charging to that effect.

3. Section 4417 of the Code, in respect to the punishment of persons " breaking and entering any house or building (other than a dwelling-house or its appurtenances), with intent to steal, but who is detected and prevented 'from carrying such intention into effect'; or any person breaking or entering any such house or building and stealing therefrom any money," etc., refers to other houses than those wherein burglary is the offence, as described in section 4386, containing the amendments to dwelling-houses and embracing storehouses. See concurring opinion of Warner, Chief Justice, in *Williams vs. The State*, 46 *Ga*., 216, where it is clearly shown that section 4417, then 4351, applies to larcenies, not to burglaries, where certain habitations are protected against felonious breaking and entering. The distinction between larceny and burglary is there clearly taken and is affirmed as law.

Judgment affirmed.