## Martin v. The State.

Lumpkin, J.—1. According to the bill of exceptions (as now ascertained by examination of the same) in the case of *Jordan* v. *The State*, 56 *Ga.* 92, there was a motion to quash the indictment, which the court entertained but overruled, the motion being made when the panel of forty-eight jurors was put upon the accused and before witnesses were sworn. This court held that the motion should have been sustained, and directed that the indictment be quashed, inasmuch as it was founded on section 4488 of the code and charged the accused with receiving stolen goods as accessory after the fact, without alleging that the principal in the larceny had been tried and convicted. Conceding this adjudication to be correct (which admits of grave doubt), the case is of no absolutely binding authority upon a motion in arrest of judgment for a like defect in the indictment; for the code, in section 4628, declares that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the code;

and in the next section it declares that no motion in arrest of
judgment shall be sustained for any matter not affecting the real
merits of the offense charged in the indictment. The real merits
of being accessory after the fact, whether by receiving stolen
goods or otherwise, are in no wise affected by the trial and con-
viction of the principal thief, these matters relating wholly to pro-
cedure and evidence, and not in any respect to the elements of the
offense itself. For an analogous ruling, founded on the distinc-
tion between exceptions to the indictment before trial, and motion
after verdict in arrest of judgment, see *Lampkin* v. *The State*, 87
*Ga.* 516.

2. On a trial for receiving stolen goods as accessory after the fact,
parol evidence of the trial and conviction of the principal in the
larceny, if received without objection, will suffice to establish
these facts; and a new trial will not be granted merely because
they were not established by the highest and best evidence, to wit,
the record of the conviction; nor because the court refused to
charge the jury that the record was essential.

3. The term "storehouse" includes a "warehouse" where goods are
stored for the purpose of being sold, either in the warehouse itself
or in a building near by in which trade is conducted. Consequently,
there is no substantial variance where the indictment charges a
larceny from a "storehouse" and the evidence shows it was from
such a warehouse.          *Judgment in both cases affirmed.*
October 15, 1894.

Indictment. Before Judge BROWN. City court of
Carroll county. June term, 1894.

The indictment charged Ben Martin "with the of-
fense of accessory after the fact," alleging that in Carroll
county on March 1, 1894, "one Lucius Williams having
entered the storehouse of E. M. Bass & Company, . .
and one sack of corn containing two bushels, and fifty
pounds of flour in a sack, and two sacks of bran con-
taining 160 pounds, in said storehouse found, did take
and carry away with the intent to steal the same, . .
and the said Ben Martin, knowing that the said prop-
erty was stolen as above stated, did in said county buy
and receive the said described stolen goods." He was
found guilty. He moved in arrest of judgment, upon
the ground that there was no legal indictment, the same
alleging no offense, and being null and void in that it fails

to allege that the principal Williams has been tried and convicted of the offense charged in the same; or that the principal thief has not been tried and convicted, for the reason that he cannot be taken and prosecuted, or for any other reason; or that the principal thief was tried and convicted of any particular offense which the law requires should be specified. The motion was overruled. Defendant moved also for a new trial, which was denied. This motion alleges that the verdict is contrary to law, evidence, etc., and that there was no legal evidence that Williams was guilty of larceny from the house, as charged in the indictment. Also, that the court erred in refusing to charge: "In order to convict the defendant, you must further believe from the testimony that Lucius Williams has been tried and convicted of stealing the goods mentioned in the bill of indictment; and I charge you that the record of his conviction is the highest proof thereof."

Error is assigned on the following charge: "If you believe from the testimony in this case that the articles mentioned in this bill of indictment were stolen from a warehouse instead of a storehouse, and that goods, wares and other valuable merchandise were stored in said warehouse by E. M. Bass & Co., and they delivered some goods to their customers from the same, and that the articles mentioned in this bill of indictment were stored in said warehouse and from thence stolen, then I charge you that a warehouse is a storehouse within the meaning of the law, and the fact that the word storehouse is used in the bill of indictment, and the evidence shows, if it does show, that the goods were stolen from this warehouse, would make no difference, and the defendant should not be acquitted on that account."

OSCAR REESE, for plaintiff in error.

T. A. ATKINSON, solicitor-general, and R. D. JACKSON, by H. M. REID, *contra.*