## JOHNSON v. THE STATE.

An indictment based on section 233 of the Penal Code and charging the
forging of an order for a thing not money is fatally defective and will
not support a conviction if it fails to allege that the thing in question
was of some value.

Argued November 20, — Decided November 28, 1899.

Indictment for forgery.    Before Judge Henry.    Floyd supe-
rior court.    July term, 1899.

*G. A. H. Harris & Son* and *R. L. Chamlee,* for plaintiff in
error.    *Moses Wright, solicitor-general,* contra.

LUMPKIN, P. J.    The indictment in this case was founded
upon section 233 of the Penal Code, which makes felonious
the act of forging "an order for money or other thing of value"
with intent to defraud.    The accused was charged with forging
" an order for meat on Dowdle & Watkins, who were running
a meat-market in the city of Rome, . . with intent then
and there to defraud the said Dowdle & Watkins."    After con-
viction, he moved in arrest of judgment and also for a new
trial.    Both motions were overruled, and he excepted.    In the
view we take of the case, it is necessary to deal with one point
only, and it is presented in the motion in arrest of judgment,
viz., that the indictment was fatally defective in that it failed
to allege that the forged order was for a thing of value.    We
think this point was well taken.    It was within the power of the
General Assembly, if it had seen proper so to do, to make crim-
inal the fraudulent forging of an order for any article or thing,
whether the same was valuable or not.    If the law had been thus

framed, an indictment thereunder would have been sufficient if it had charged the forging with intent to defraud of an order for anything, without alleging that the same was of some value. But the law was not thus framed. It plainly and unmistakably contemplates, as an essential element of this particular kind of forgery, that the article mentioned or described in the forged order must have intrinsic value. Two things, therefore, are requisite in a case of this kind, viz., an intent to defraud, and value in the thing sought to be obtained by means of the forgery. It is conceivable that a man might, with such an intent in his breast, forge an order with the design of fraudulently getting possession of something of no pecuniary value; but the lawmaking power did not choose to declare an act of this kind indictable. Accordingly, it is impossible to escape the conclusion that there can be no criminal forgery, under that particular portion of section 233 of the Penal Code with which we are now dealing, unless the article named or referred to in the forged order be "money or other thing of value." There being, in the absence of this element, no criminality, it is indispensable that an indictment should distinctly aver that the article to which the forged order related had some value.

It will not do to say that a court can take judicial cognizance of the fact that "meat" is a thing of value. As to some kinds of meat, this may not be true; as, for instance, decayed meat, or such as has not been properly prepared for food, or for any other reason is not useful. The order set forth in the present indictment was for "spirribs" and "poke rose." Most probably, as was contended by the State's counsel in the argument here, these words were intended to mean "spare-ribs" and "pork roast"; or, in other words, the fresh meat of a hog, such as is usually kept in a butcher's shop. But granting all this, it could not, in the absence of an allegation that meat of this character really had value, be arbitrarily assumed, as matter of law, that such was the fact. In a particular instance, indeed in one like the present, a court might, if permitted so to do, be able to say with considerable confidence, upon the strength of private knowledge, that the article in question was necessarily a thing of value, because quite generally so regarded among

men of all classes. But the difficulty would be in drawing the line between the cases in which this could be done without grave misgivings and those in which it could not. If meat like that described in the order set forth in the present indictment was in fact valuable, it was an easy matter to so allege, and the omission to do so was inexcusable and fatal. We can not undertake to cure a blunder of this kind by arbitrarily assuming a fact of which we have no authority of law to take judicial cognizance. We have no power to substitute our private knowledge, however accurate we might esteem it to be, for something which the law has made essential in an indictment. Were we to do so now, it would be establishing a precedent which would soon lead to the utmost difficulty and embarrassment, if not, indeed, to an actual miscarriage of justice. The next forged order we were called upon to construe might have reference to an article which we confidently and honestly believed was of great value, though as matter of fact it was something utterly worthless. In such a case, counsel might differ among themselves as to the question of value, and in that event we certainly could not be safely guided in arriving at the truth by their statements and contentions pro and con. The only rule which we can, with any degree of consistency, follow in testing the sufficiency of an indictment is, to take nothing for granted which is not alleged therein. As the indictment against the plaintiff in error, conceding that every averment in it was proved, did not necessarily establish his guilt of the offense with which he was charged, the judgment ought to have been arrested. *Judgment reversed. All the Justices concurring.*