### 1431, 1432.    MANCE v. THE STATE.

1. The burden of proof under a special plea of former jeopardy is upon the defendant. In the case at bar the defendant did not successfully carry the burden.

2. Where a defendant is tried and acquitted of an offense, and thereafter, within a period of time less than that described by the statute of limitations, is again accused of a crime of the same general denomination, and files, upon the second trial, a special plea that the previous prosecution was for the same transaction and offense as that for which he is about to be tried, and the State takes issue on the plea, and a verdict is rendered against the plea, the State is estopped, on the trial of the case in chief, from relying, for a conviction, upon any transaction which might legally have been investigated and adjudicated under the former prosecution; and the court should so instruct the jury.

3. Intoxicating liquor may be the subject-matter of larceny, though it is not the subject-matter of lawful sale.

4. An instruction upon the presumption the jury is authorized to draw from possession of stolen property is erroneous if it omits all reference to the recency of the possession.

Accusation of larceny from house, from city court of Augusta— Judge Eve.    July 15, 1908.

Argued November 10,—Decided November 24, 1908.

*F. W. Capers, F. L. McElmurray,* for plaintiff in error.

*James C. C. Black Jr., solicitor, John M. Graham,* contra.

POWELL, J.    1.    At the April term, 1908, of the superior court of Richmond county, the plaintiff in error was indicted for burglary, with a count charging larceny from the house, in which the stealing of enumerated brands of liquors was charged; he was tried at the same term, and was acquitted. This burglary and the larceny were alleged to have been committed at a bailiff's room in the county court-house at Augusta. Subsequently he was found in possession of certain liquors, and the State preferred an accusation against him in the city court of Richmond county, charging him with larceny from the house. He filed a special plea of former jeopardy and acquittal. It appeared, in the proof taken on the trial of this plea, that prior to the trial of the burglary case there had been a number of distinct entrances into and larcenies from the room in the court-house in which the liquors (which had been seized in a raid on a "blind-tiger") were being kept. The defendant was not able to make it appear, on the trial of his special plea,

that any of the liquors named in the accusation were the same as those designated in the burglary indictment, or that they were stolen along with or at the same time as any of those liquors which were the subject-matter of the former prosecution. The burden of proving this special plea was upon the defendant, and he was not able to establish the identity of the larceny with which he was accused in the city court with any offense that might have been tried under the former indictment; and the jury were therefore authorized to find against him.

2. The position assumed by the State's counsel, as to the special plea and the verdict under it, thereafter operated to estop the State from relying, for a conviction, upon any larceny which might have been the subject-matter of conviction in the burglary case. It was not thereafter, as in ordinary 'cases, permissible to convict by showing that the defendant, at any time within two years of the filing of the accusation, had stolen the articles named, or any of them. It was incumbent upon the State to prove a larceny which was not and could not have been the subject-matter of investigation and judgment in the former case; for the State's counsel, by a solemn declaration in judicio, had in substance declared he was so prosecuting. *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* ante, 123 (62 S. E. 833); *Nixon* v. *State,* 121 *Ga.* 145 (3), (48 S. E. 966); *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95). On the trial in chief the court should have presented this proposition to the jury, as it was a vital issue in the case. Former jeopardy, while it must be asserted by special plea, to be available as a bar to a pending prosecution, is nevertheless a defense favored by the law and the courts. 12 Cyc. 364.

3. Intoxicating liquor, though not lawfully the subject of sale in this State, is not so lacking in the element of value that it can not be the subject of larceny. *Fears* v. *State,* 102 *Ga.* 279 (29 S. E. 463). Value, as the word is used in prosecutions for larceny, does not necessarily mean money value or market value. *Ayers* v. *State,* 3 *Ga. App.* 305 (59 S. E. 924).

4. The following instruction to the jury is erroneous, in that it omits the element of recency as to the possession of the stolen property: "If you are satisfied that the larceny was committed, that this property was taken in that larceny, and that it was afterwards found in the possession of the defendant, and he does

not satisfactorily account for the possession of it, then the law says you may presume him to have been the original thief, and be justified in finding him guilty, unless he satisfactorily accounts for the possession." *Cuthbert* v. *State, 3 Ga. App.* 604 (60 S. E. 302).

*Judgment affirmed as to case No. 1432; Judgment reversed as to case No. 1431.*