### 8672. GATES *v.* THE STATE.

1. Inculpatory statements not met by denial or answer when made in the presence and hearing of the accused at the time he was arrested and charged with the crime in question were admissible as evidence.

2. Where, on the trial of one charged with breaking and entering a railroad-car and stealing from it certain bottles of vermuth and whisky, the question, "What per cent. of alcohol does it contain?" was asked of a witness by counsel for the accused, for the purpose of showing that "vermuth is not a very good drink, and a negro never would drink it," and the witness answered, "I don't know," the court did not err in ruling out this testimony.

3. The exceptions to the instructions of the court as to unexplained possession of stolen goods are without merit; and the evidence authorized instructions based on the theory that the accused broke and entered the car or was present aiding and abetting the breaking and entering.

4. No constitutional question was raised by the grounds of the motion for a new trial based on the contention that the court was without jurisdiction to try one charged with breaking and entering a car and stealing whisky, where the shipment was an interstate shipment; and even if any question is presented by these grounds, they are without merit.

5. There is no merit in the contention that, under the prohibition law in operation when the liquors were stolen (June, 1916), they were not property and were without value, and could not be the subject of larceny. There was proof as to the value of the liquors, which were legally in the possession of a carrier for interstate transportation when stolen. And "value," as the word is used in prosecutions of this kind, does not necessarily mean money value or market value.

DECIDED JUNE 13, 1917.

Indictment for breaking and entering railroad-car; from Bibb superior court—Judge Mathews. February 17, 1917.

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

WADE, C. J. 1. There is no merit in the first two special grounds of the motion for a new trial. Inculpatory statements made in the presence and hearing of the defendant and neither answered nor denied by him are admissible in evidence. Penal Code, § 1029. See also *Moye* v. *State,* 66 *Ga.* 740 (2); *Franklin* v. *State,* 69 *Ga.* 36 (2) (47 Am. R. 748); *Watson* v. *State,* 136 *Ga.* 236 (71 S. E. 122). "Evidence as to declaration of a by-stander, accusing one then present of the commission of a criminal act, which declaration the accused person heard but failed to deny or explain, may tend to establish his guilt, and is admissible on his trial for such offense." *Thurman* v. *State,* 14 *Ga. App.* 543 (3). See also *Dudley* v. *State,* 18 *Ga. App.* 509 (89 S. E. 599), and cases there cited.

2. There is no merit in the 3d ground of the amendment to the motion for a new trial. The court did not err in declining to allow counsel to show what per cent. of alcohol a particular intoxicating beverage contained. It was not denied that the drink in question contained some alcohol, and though the question, "What per cent. of alcohol does it contain?" was ruled out, together with the answer of the witness, the record shows that the witness in fact answered, "I don't know," and it therefore appears that the witness could not have given the information desired, even had the question been allowed by the court.

3. There is no merit in the 4th and 5th grounds of the amendment to the motion for a new trial. The instructions given were authorized by the evidence.

4. The 6th, 7th, 8th, and 9th grounds of the amendment to the motion for a new trial attempt to raise a question as to the jurisdiction of the superior court of Bibb county, Georgia, to try the defendant under an indictment charging that on a day named and in the county of Bibb he "did . . unlawfully and with force and arms break and enter a railroad freight-car of the Central of Georgia Railway Company, on the tracks and in the possession, custody, and control of said railway company as a common carrier, with intent to steal goods, wares, freight and other things of value being therein, and, after breaking and entering said railroad car as aforesaid, then and there did unlawfully, wrongfully, and fraudulently take and carry therefrom, with intent to steal the same, two cases, each containing twelve bottles of

French type vermuth, of the value of twenty dollars, and two cases of whisky of the value of twenty dollars, of the personal goods of the Central of Georgia Railway Company as a common carrier, contrary to the laws of said State, the good order, peace, and dignity thereof." The objection to the jurisdiction of the superior court of Bibb county is that the goods alleged to have been stolen were part of an interstate-commerce shipment then in transit, and that the burglarizing of the car was therefore not punishable under the State law. Counsel for plaintiff in error suggests in his brief that a constitutional question is thus raised, which should therefore be referred to the Supreme Court. No reference whatever to the constitution of this State or of the United States is made in any of these grounds of the motion for a new trial, and therefore no constitutional question is presented. Conceding that any question whatever is sufficiently presented by these grounds of the motion, it is enough to say that there is no merit therein.

5. The 10th and 11th grounds of the amendment to the motion for a new trial complain that the property alleged to have been stolen was of no value and was not property under the laws of the State of Georgia, and that the State failed to prove that the property had any legal value, for the reason that Georgia was a prohibition State. There is no merit in this objection. There was proof as to the value of the stolen intoxicants, which were legally in the possession of a carrier for interstate transportation at the time of the burglary. Also, "value, as the word is used in prosecutions for larceny, does not necessarily mean money value or market value." *Mance* v. *State*, 5 *Ga. App.* 229 (3), 230 (62 S. E. 1053).

6. The evidence authorized the conviction of the accused, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*