## 11859.   MATTHEWS v. THE STATE.

BROYLES, C. J.   1. No exceptions pendente lite were filed to the judgment overruling the demurrer to the accusation; and it not appearing from the bill of exceptions or the record that the bill of exceptions to the overruling of the motion for a new trial was tendered the judge within 2ʋ days of the date of the judgment on the demurrer, the assignment of error in the bill of exceptions upon that judgment cannot be considered.

2. In a trial for simple larceny, direct proof of value of the stolen property is not indispensable; it may be shown inferentially. *Ayers* v. *State*, 3 *Ga. App.* 305 (4) (59 S. E. 924). In the instant case the value of the alleged stolen property was sufficiently shown by the evidence and the defendant's statement.

3. The evidence warranting the defendant's conviction was weak and not altogether satisfactory, but this court is unable to say as a matter of law that there was *no* evidence authorizing the verdict, and, the finding of the jury having been approved by the trial judge, this court is without authority to set it aside.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Accusation of simple larceny; from city court of Albany — Judge Clayton Jones. September 3, 1920.

*Peacock & Gardner,* for plaintiff in error.

*Cruger Westbrook, solicitor,* contra.

---

## 11864.   CANNON v. THE STATE.

BROYLES, C. J.   1. There was some evidence which authorized the instructions to the jury excepted to, and they were not erroneous for any reason assigned.

2. The general grounds of the motion for a new trial, not having been argued in the belief of counsel for plaintiff in error, are treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Indictment for larceny of automobile; from Cherokee superior court — Judge Blair. September 24, 1920.

*Clay & Blair,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.