29916.   SUDAN *v.* THE STATE.

DECIDED JANUARY 12, 1943.

754

*Wesley R. Asinof,* for plaintiff in error.

*Bond Almand,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye, Lindley W. Camp,* solicitor, contra.

GARDNER, J.   Counsel contends, first, that there was no proof that the missing money belonged to Emory Smith, as alleged.   By referring to the evidence we find no merit in this contention.   Second, that it does not appear the defendant had any knowledge that the money Frances Hunton handed to the defendant was stolen from Emory Smith.   The judge who tried the case without the intervention of a jury was authorized to find, from the evidence as set forth hereinbefore, that the passing of the money from Frances Hunton to Sudan was part of the res gestæ of the transaction, and thus the defendant was guilty as a principal.   Third, counsel contends that the State failed to prove the value of the property alleged to have been stolen.   It is elementary that in a trial for larceny some value of the article stolen must be alleged and proved. Direct proof of value, however, is not essential.   Value may be shown by inference.   In *Ayers* v. *State,* supra, this court said: "The courts will not take judicial cognizance that any article is of value, unless the law itself so designates it. . .   However, value, just as any other matter of proof, may be shown circumstantially or inferentially, as well as directly or positively. . .   Where the circumstances shown in the case are such as to indicate that an article, which according to common knowledge is usually useful, is, in the particular instance, in fact valuable, the reason of the rule ends, and the jury is authorized to find that the article in question is a thing of value. . .   It was never the precedent of the common law, however, to extend the rule to absurdity in requiring proof of value."

It will be noticed from the record in this case that the defendant was charged with stealing $43 in money of the value of $43.   The evidence throughout shows that the defendant stole $43 in money. We think it may be inferentially concluded that $43, the dollar being the unit of our monetary exchange, is of the value of $43. It seems that the whole trial proceeded on this theory, both as to

the defendant and as to the State. The first mention of it is made in the brief of counsel for the defendant. To uphold this contention, it seems to us, would be to extend the rule of requiring proof of value "to absurdity." In *Peterson* v. *State*, 6 *Ga. App.* 491 (65 S. E. 311), this court held that proof that a portion of the articles alleged to have been stolen was sold for $12.50 was sufficient proof of value. Had the court not recognized that $12.50 was of value, proof of value in that case would not have been established. The State would have been bound to go further and prove the value of the unit of measurement of the $12.50. In this jurisdiction money is the measure of value, and the dollar is the unit of measurement. We find no merit in this contention.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*