## 34929.   TYLER *v.* THE STATE.

TOWNSEND, J.   1. This indictment for burglary under Code § 26-2401 charges the defendant with breaking and entering "the storehouse and place of business of the Peerless Furniture Company, where valuable goods were contained, with intent to steal." The evidence, which fails to show that anything of value was contained in the building broken and entered by the associates of the defendant, is insufficient to support a verdict of guilty. While the evidence shows that a safe was in the building, it fails to show that it contained anything of value or had any value. A part of the offense of burglary under Code § 26-2401 is as follows: "Burglary is the breaking and entering into the dwelling, mansion *or storehouse,* or other place of business of another, where *valuable* goods, wares, produce or any other article *of value* are contained or stored." (Italics ours.) The exact value of the property contained in the storehouse or other place of business need not be shown, but, in order to complete the offense, it is necessary to show that some article of property was contained in the place entered, and that such property had some value. *McCrary* v. *State,* 96 *Ga.* 348 (23 S. E. 409); *Peterson* v. *State,* 6 *Ga. App.* 491 (1) (65 S. E. 311).

2. A charge to the jury as follows, "It is the breaking and entering into just such a building as is described in this bill of indictment, the unlawful breaking and entering of a storehouse, or place of business of another where valuable goods or merchandise or any article of value may be stored," as a part of the description of the crime of burglary, is not error as being an expression of opinion as to what had been proved on the trial of the case by evidence, as is contended in the amendment to the motion for new trial. This excerpt from the charge related only to a material allegation contained in the indictment, which is a part of the definition of the crime of burglary. It is not only proper for the trial judge to define the offense for which the defendant is on trial, but it is his duty to do so. *McRae* v. *State,* 27 *Ga. App.* 613 (1) (109 S. E. 688).

The trial court erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 21, 1954.

536

*James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, Charlie O. Murphy, Eugene L. Tiller,* contra.

Decided January 21, 1954.