### 41974. CANNON v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted for the offense of burglary of the "storehouse and place of business of U. S. Mosaic Tile Co., Inc., where valuable goods were contained, within intent to steal." A motion for new trial was overruled and on appeal the sole contention of the defendant is that there was no evidence "that the place alleged to have been burglarized contained any articles of value or that any goods contained therein have any value." *Held:*

1. "A part of the offense of burglary under *Code* § 26-2401 is as follows: 'Burglary is the breaking and entering into the dwelling, mansion *or storehouse,* or other place of business of another, where *valuable* goods, wares, produce or any other article of *value* are contained or stored.' The exact value of the property contained in the storehouse or other place of business need not be shown, but, in order to complete the offense, it is necessary to show that some article of property was contained in the place entered, and that such property had some value. *McCrary v. State,* 96 Ga. 348 (23 SE 409); *Peterson v. State,* 6 Ga. App. 491 (1) (65 SE 311)." *Tyler v. State,* 89 Ga. App. 535 (80 SE2d 78).

2. Evidence that a named item of personal property was in the building but not showing that such personal property had a value is insufficient to authorize a verdict in a burglary case. *Tyler v. State,* 89 Ga. App. 535, supra.

3. In the case sub judice photographs, identified as showing the interior of the building, were introduced in evidence which showed numerous items of personalty contained therein, and while such evidence would be insufficient to prove an exact value of the personal property shown therein, yet it was sufficient to authorize a finding that such personalty had some value.

*Judgment affirmed. Hall and Deen, JJ., concur.*

SUBMITTED MAY 3, 1966—DECIDED MAY 10, 1966—
REHEARING DENIED MAY 19, 1966.

*Wesley R. Asinof, J. R. Parham,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, George K. McPherson, Jr.,* for appellee.