## 43342. BUNTIN v. THE STATE.

HALL, Judge. The defendant was convicted on an indictment in two counts each charging the defendant with burglary in breaking and entering a storehouse and place of business where valuable goods were contained.

The defendant contends that the conviction was contrary to the law and the evidence because there was no proof that either of the two buildings (involved in the two separate counts) contained valuable goods when the defendant broke and entered. There was evidence that one building contained a small safe in which there were a will and some stock certificates, and testimony that the other building contained a fan, venetian blinds, a telephone, a safe, crowbars, and screw drivers. There was no testimony that any of these articles were of any value.

1. Judge Arthur Gray Powell stated in *Ayers v. State,* 3 Ga. App. 305, 307-308 (59 SE 924): "The courts will not take judicial cognizance that any article is of value, unless the law itself so designates it. *Johnson v. State,* 109 Ga. 268 (34 SE 573); *Wright v. State,* 1 Ga. App. 158 (5), (57 SE 1050). However, value, just as any other matter of proof, may be shown circumstantially or inferentially, as well as directly or positively. *Roberts v. State,* 55 Ga. 220; *Jenkins v. State,* 50 Ga. 258; *Irvin v. Turner,* 47 Ga. 382; *Carreker v. Walton,* 47 Ga. 397; *Allen v. State, R. M. Charlt.* 520. . . The jury would have the right to infer that an engine and boiler, recently in actual use and about to be moved and put to work

again, part of a mill outfit worth $500, was of some value. Likewise, the circumstance that the defendant hired teams and men to move the property tends to negative the idea that it was valueless. 'If a thing has value to the owner, though to no one else, to steal it is larceny, its value to the rest of the world being immaterial.' 2 Bish. Cr. Proc. § 751; *Allen v. State, R. M. Charlt.* 518; Ransom's case, 2 Leach, 1090. The interest which the constable had, in this case, in bringing the property to sale, so as to protect himself against rule for contempt, made each and every part of the property valuable to him. In the *Johnson* case, 109 Ga. 268 (34 SE 573) the court, in showing that judicial cognizance can not be taken of the fact that meat is a thing of value, gives the reason that some meat is not valuable, 'as, for instance, decayed meat, or such as has not been properly prepared for food, or for any other reason is not useful.' Where the circumstances shown in the case are such as to indicate that an article, which according to common knowledge is usually useful, is, in the particular instance, in fact valuable, the reason of the rule ends, and the jury is authorized to find that the article in question is a thing of value. The early holding in this State that in simple larceny value must be alleged and proved (*Davis v. State*, 40 Ga. 230) is based upon the fact that such was the requirement of the common law at the time of its adoption in this State. *It was never the precedent of the common law, however, to extend the rule to absurdity in requiring proof of value."* (Emphasis supplied). "Direct proof of value, however, is not essential. Value may be shown by inference." *Sudan v. State*, 68 Ga. App. 752, 754 (23 SE2d 867); *Matthews v. State*, 26 Ga. App. 41 (2) (105 SE 383). "And 'value', as the word is used in prosecutions of this kind, does not necessarily mean money value or market value." *Gates v. State*, 20 Ga. App. 171 (5) (92 SE 974); *Mance v. State*, 5 Ga. App. 229, 230 (62 SE 1053). Chief Judge Russell said in *Edmondson v. State*, 18 Ga. App. 233, 240 (89 SE 189), "I conclude, therefore, that anything,—that is to say, any material object except man,—which has any intrinsic value, however small, can be the subject matter of larceny from the house. It is not necessary that the thing should have what is known as a 'market value,' in the sense that it would bring a price in the market. It is sufficient that it has any intrinsic value to the owner. For example, a photograph of a dead

friend, or a letter from my child, may have absolutely no market value, but it has an intrinsic value to me; and if any one enters my house and steals these objects from me he is guilty of larceny from the house." A safe is defined in Black's Law Dictionary, p. 1574, to be "A metal receptacle for the preservation of valuables."

The evidence was sufficient to support the conviction.

2. Other enumerations of error concern charges to which no proper and timely objections were interposed, as required by Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31, as amended, Ga. L. 1966, pp. 493, 498). Hence, they will not be considered. Carnes v. State, 115 Ga. App. 387 (5), 392 (5) (154 SE2d 781).

Judgment affirmed. Felton, C. J., Bell, P. J., Eberhardt, Pannell, Deen and Whitman, JJ., concur. Jordan, P. J., concurs specially. Quillian, J., dissents.

SUBMITTED JANUARY 10, 1968—DECIDED MAY 9, 1968— REHEARING DENIED MAY 27, 1968—CERT. 

Adams & Greenholtz, H. T. Greenholtz, Jr., for appellant.

W. B. Skipworth, Jr., Solicitor General, Frank K. Martin, for appellee.

JORDAN, Presiding Judge, concurring specially. This court in Cannon v. State, 113 Ga. App. 701 (3) (149 SE2d 418), held that numerous items of personalty in a building as shown by a photograph thereof was sufficient to authorize a finding that such personalty had some value. In this case we need not rely upon a photograph since there was positive uncontradicted testimony that one of the buildings entered contained a safe, and that the other contained a safe, a set of venetian blinds, a telephone, a fan, crowbars, and screw drivers. Courts can take judicial notice of facts within universal common knowledge and experience. A mere modicum of common knowledge dictates the conclusion that the articles described above have some intrinsic value even though the exact value of the items is not shown.

The courts of this State have taken judicial notice that moonshine whisky is an alcoholic beverage manufactured contrary to law and has value; of the time when the sun rises and sets; that a cow is a female animal with cloven hoofs; that craps is a game played with dice; that crops mature in Georgia in late

summer and fall; that in Georgia tobacco is usually sold at auction in a warehouse; that many hogs are black and white spotted; that turpentine is not yielded by a cypress tree; that money is a thing of value; that a "quarter" as indicative of value means twenty-five cents; that the value of a dollar greatly decreased between October 1919 and May 1920; that poker chips used in a card game are things of value; and many other similar matters of common knowledge. Citations are omitted, but see annotations under *Code* § 38-112.

As Chief Judge Hill said in *Sims v. State,* 1 Ga. App. 776, 777 (57 SE 1029), "We do not think the intellect would be greatly fatigued in coming to the conclusion that the word 'quarter,' as used in the testimony, meant twenty-five cents." Likewise we can see no great strain upon the intellect of this court in concluding that the buildings burglarized in this case contained property that was of some value, and that the jury was author-'ized to so conclude.

QUILLIAN, Judge, dissenting. 1. The first and second enumerations of error are that the judge erred in overruling the grounds of the appellant's motion for new trial that the verdict was contrary to the evidence and contrary to law. These two enumerations of error present the single contention that the evidence submitted upon the trial was not sufficient to prove every material element of the crime of burglary as alleged in the indictment.

If a place of business is burglarized and that place of business is not also a dwelling, mansion, or storehouse, then it must be alleged and proved that articles of value were stored or contained in the place of business. This allegation and proof is not necessary if the building burglarized is a dwelling, mansion or storehouse. This principle is well stated in *Jones v. State,* 12 Ga. App. 813, 814 (78 SE 474): "If the house alleged to have [been] broken and entered is not a 'dwelling, mansion, or storehouse,' it must be alleged and proved to have been a place of business were valuable goods were contained or stored. Penal Code, § 146 [now *Code* § 26-2401]. It is sufficient to charge that a dwelling, mansion, or storehouse was broken and entered, without alleging that valuable goods were therein contained; but if

a place of business is broken and entered, and that place of business is not also a dwelling, mansion, or storehouse, then it must be alleged and proved that articles of value were stored or contained in the place of business. See *Lee v. State*, 56 Ga. 478; *Lanier v. State*, 76 Ga. 304."

The building in each count of the indictment was alleged to be a "storehouse and place of business." "Storehouse" within the meaning of *Code* § 26-2401 has been defined as: "a place where goods are stored or kept for sale at wholesale or retail, such as a shop or store." *Mash v. State*, 90 Ga. App. 322 (3) (82 SE2d 881); *Coleman v. State*, 61 Ga. App. 658, 660 (7 SE2d 212); *Martin v. State*, 95 Ga. 478 (20 SE 271). While the indictment alleged that the buildings were storehouses and places of business, the evidence failed to disclose that either the Columbus Body Works, Inc., or the Robert Edge Realty & Insurance Company were places where goods were stored or kept for sale at wholesale or retail. Therefore, we must reach the inescapable conclusion that the buildings were not storehouses within the meaning of the statute. The evidence did disclose that both buildings were places of business as alleged in the indictment. Hence, one of the essential elements of the offense charged in each count of the indictment was that the buildings contained valuable goods or other articles of value.

The principle that the mere proof that articles of personalty exist does not authorize the conclusion that they are "things of value," even though they be chattels commonly put to useful purposes and generally regarded as valuable, is succinctly stated and then explicitly explained in *Johnson v. State*, 109 Ga. 268 (34 SE 573). See also *Davis v. State*, 40 Ga. 229; *Wright v. State*, 1 Ga. App. 158, supra; *Tyler v. State*, 89 Ga. App. 535 (1) (80 SE2d 78). In the above cited cases involving burglary and larceny the appellate courts of this state would not take judicial cognizance of the fact that a safe, a white hog, seed cotton or meat were things of value.

The evidence adduced upon the trial, as is related in the foregoing statement of facts, showed that one building contained a small safe and the other a safe, a set of venetian blinds, a telephone, a fan and some tools. It was also shown that one of the

818

safes contained some papers, stock certificates and a will. No proof was submitted concerning the value of any of these articles, that is, that they were separately or collectively of any value. There being no evidence that either of the buildings contained valuable goods, one of the essential elements of the offense of burglary from places of business which were not storehouses was not proved.

The appellee cites the case of *Cannon v. State,* 113 Ga. App. 701, supra, as precedent for the position that where photographs of the interior of a building show various items of personalty are contained in the building the conclusion is authorized that the articles are of some value. The *Cannon* case is distinguishable from the case sub judice. In the present case the photographs were admissible only as showing the physical condition of the exterior of each building, because no witness testified that the pictures portrayed the contents of the building at the time the burglary was committed. It is further observed that while the photographs were identified by the witnesses only as showing the burglarized buildings, none are included in the record which was duly certified and transmitted to this court. However, one of the photographs in question which portrays the rear exterior of the building occupied by Columbus Body Works was attached to the appellee's brief. It does dimly show what appears to be an automobile or part of an automobile within the building, but there is no evidence as to when the picture was taken or that the automobile was in the building at the time of the burglary.