132 N.J. Super. 386 (1974)
333 A.2d 592
STATE OF NEW JERSEY, PLAINTIFF,
v.
THOMAS CARROLL TAYLOR, DEFENDANT.
Superior Court of New Jersey, Bergen County Court.
December 13, 1974.
*387 Mr. Lawrence J. Jaskot, Assistant Prosecutor, for the State (Mr. Joseph C. Woodcock, Jr., Prosecutor of Bergen County, attorney).
Mr. Anthony Speranza for defendant.
ROSENBERG, J.J.D.R.C., Temporarily Assigned.
This is an appeal on the transcript pursuant to R. 3:23-8 from a denial of a motion to acquit at the end of the State's case and from a consequent conviction found in a municipal court for larceny of personal property of the price or value of $200 or less committed in violation of N.J.S.A. 2A:170-30.1.
The gravamen of the appeal rests in the absence of proof that the subject matter of the theft was of a specific price or value; that the court erred in holding that proof of some value was sufficient and, further, it could take judicial notice thereof.
The original charge against defendant was predicated upon a larceny in excess of $200 but under $500, in violation of *388 N.J.S.A. 2A:119-2, and the case proceeded to trial upon waiver of indictment and trial by jury. The evidence produced by the State established that defendant had stolen a tape deck recorder and tool box containing automotive tools. These were described by two witnesses for the State, but no evidence was presented as to their price or value. The defendant did not testify.
Defense counsel moved for a dismissal of the complaint for failure of the State to establish the price or value of the property within the requirements of N.J.S.A. 2A:119-2. The State then moved to amend the complaint to charge a violation of N.J.S.A. 2A:170-30.1. The judge granted the motion pursuant to R. 7:10-2 and thereupon found defendant guilty of violating said statute, holding that a finding of a specific price or value was essential only with respect to the degree of the offense involved in a charge under N.J.S.A. 2A:119-2; that proof of some value was sufficient under N.J.S.A. 2A:170-30.1, and that it would take judicial notice thereof.
At common law simple larceny was constituted of the "felonious taking and carrying away of the personal good of another." Further, at common law simple larceny was subdivided into petit larceny when the goods were of the value of 12 pence or under and grand larceny when the value was above 12 pence. Blackstone's Commentaries (Chase ed. 1924), 963. The gradations as to value were effective in establishing the punishment, grand larceny being punishable by death and petit larceny by imprisonment or whipping. Id. at 971. However, the nature of the offense was the same in both cases, the difference being in the degree of punishment only. Hale, Pleas of the Crown (Wilson ed. 1784), 504.
The statute, N.J.S.A. 2A:119-2, entitled, "Stealing money, chattels and other articles, property and things," has been held to encompass the common law offense.. Gardner v. State, 55 N.J.L. 17 (Sup. Ct. 1892), aff'd 55 N.J.L. 652 (E. & A. 1893). Although not establishing gradations as petit or grand larceny, New Jersey also followed the common *389 law in establishing the severity of punishment predicated on the price or value of the goods stolen. By virtue of L. 1972, c. 159, § 1, effective September 27, 1972, N.J.S.A. 2A:119-2 was amended to designate larceny in excess of $200 and under $500 a misdemeanor and as a high misdemeanor when the price or value of the property was $500 or over. Section 2 of the same act provided, under N.J.S.A. 2A:170-30.1, that larceny of property of the price or value of $200 or less constituted disorderly conduct.
There are no decisions in this State specifically stating that a finding of "some value" is sufficient for a conviction under N.J.S.A. 2A:170-30.1 and that judicial notice may be taken thereof. However, decisions in sister jurisdictions uniformly hold that this degree of proof is adequate to support a conviction for larceny. In Lanham v. Commonwealth, 250 Ky. 500, 63 S.W.2d 585 (Ct. App. 1933), the indictment was for the larceny of gasoline "of less value in the aggregate of $20." The conviction by a jury for petit larceny was affirmed, the court holding:
"In cases of grand larceny it is necessary to prove that the value of the property alleged to have been stolen was more than $20, but in cases of petit larceny it is sufficient if the proof shows property taken was of any value less than $20. * * * The courts will take judicial notice that this amount of gasoline was of some value. [at 587; emphasis supplied]
In State v. Paramo, 92 Ariz. 290, 376 P.2d 554 (Sup. Ct. 1962), defendant was convicted of the petty theft of a gasoline engine. The conviction by a jury was affirmed, the court stating:
Defendant next contends that there was error by the trial court in not granting a directed verdict or a new trial as the state completely failed to prove the monetary or market value of the property alleged to have been stolen. However, since the defendant was charged only with petty theft, there was no need to show the actual market value of the engine, but only that it had some value to the owner. [376 P.2d at 556; emphasis supplied]
*390 In People v. Kelly, 66 Ill. App.2d 204, 214 N.E.2d 290 (App. Ct. 1965), the court, after a bench trial, held:
When the State seeks the maximum penalty permitted by the statute, by alleging in the indictment a property value in excess of $150 (as in this case), and the proof fails as to value only, it does not follow that the crime of `theft' has not been proved. The court may take judicial notice of the fact that a 1959 Chevrolet driveable in 1964 is a thing of some value even though it may not, without more proof, conclude that the value exceeds $150. People v. Dunsworth, 323 Ill. App. 470, 474-478, 56 N.E.2d 52. [214 N.E.2d at 293; emphasis supplied]
In People v. Sparks, 9 Ill. App.3d 408, 292 N.E.2d 447 (App. Ct. 1972), defendant was convicted of the attempted theft of an automobile under $150 in value. Defendant contended that the State failed to prove the value of the automobile. The conviction was affirmed, the court stating that the trial court could take judicial notice that a 1962 Buick, in driveable condition, had some value. In Boone v. United States, 296 A. 2d 449 (D.C. 1972), a conviction by a jury for grand larceny was reversed for failure of proof that the items stolen were of value to fall within the statutory amount. However, the case was remanded for resentence for petit larceny, the court holding:
"We are not of the opinion, however, that there was no proof of value at all. There is no minimum amount required to prove petit larceny  only that the item(s) taken have value." 52A C.J.S. Larceny § 97 (1968). In the instant case there was sufficient proof of value to sustain a conviction of petit larceny. [Emphasis supplied]
Implicit in the offense of larceny is the right of a person not to have his property stolen from him, irrespective of its monetary price or value. These factors are of significance only when punishment is sought in excess of the minimal statutory category. Where the charge is prosecuted under N.J.S.A. 2A:170-30.1 the elements of price or value are essentially fictional. This concept is manifest in Frisbie *391 v. United States, 157 U.S. 160, 15 S.Ct. 586, 39 L.Ed. 657 (1894); Buntin v. State, 117 Ga. App. 813, 162 S.E.2d 234 (Ct. App., 1968). In the Frisbie case the court held that the maxim "de minimis non curat lex" does not apply in criminal cases of larceny. The stealing of a cent is as truly larceny as the stealing of a thousand dollars. The sum may vary the degree but does not change the character of the crime. Buntin involved an appeal from a jury conviction wherein no evidence of value was presented. The court held:
"Also, `value,' as the word is used in prosecutions for larceny, does not necessarily mean money value or market value." Gates v. State, 20 Ga. App. 171(5), 92 S.E. 974; Mance v. State, 5 Ga. App. 229, 230, 62 S.E. 1053. Chief Judge Russell said in Edmondson v. State, 18 Ga. App. 233, 240, 89 S.E. 189, 192, "We conclude, therefore, that anything,  that is to say, any material object except man  which has any intrinsic value, however small, can be the subject-matter of larceny from the house." [162 S.E.2d at 236]
State v. Romero, 95 N.J. Super. 482 (App. Div. 1967), cited by defendant, is not apposite. There the proof of price or value was held to be essential because the State was endeavoring to establish a degree of larceny under N.J.S.A. 2A:119-2. But compare Romero with State v. Dunbar, 124 N.J. Super. 234 (Law. Div. 1973), where a jury verdict for receiving stolen property under N.J.S.A. 2A:139-1 was set aside because the proof failed to establish value within the requirements of this statute, but the court nevertheless found defendant guilty of violating N.J.S.A. 2A:170-41.1, the court holding at page 238:
"* * * The jury will have to determine that the value is in excess of $200 in order to convict a defendant of the indictable offense. Obviously, if the jury determines that the value is not in excess of $200, then a determination has been made of all that is necessary to convict the defendant of the disorderly persons offense."
Evid. R. 9(1) requires that judicial notice be taken of "propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of *392 dispute." It is beyond dispute that in this age of the employment of tape recorders in preserving music and the human voice in all their content and tonalities, and the almost universal addiction to the automobile as a means of travel, that a tool box containing automobile tools and a tape recorder have some value within the purview of judicial notice.
It is, therefore, determined that the trial judge was completely within his power to take judicial notice that the property stolen was of some value and the defendant herein is found guilty of violating N.J.S.A. 2A:170-30.1.