### 4394. WILLIAMS v. THE STATE.

There being no proof of the value of the article alleged to have been stolen, the conviction must be set aside.

DECIDED OCTOBER 22, 1912.

Accusation of misdemeanor; from Fayette superior court—Judge R. T. Daniel. August 3, 1912.

*Lester C. Dickson*, for plaintiff in error.

*J. W. Wise*, solicitor-general, *W. B. Hollingsworth*, contra.

POTTLE, J. The accused was convicted of the larceny of a book of railway mileage coupons. The only evidence upon the subject of value was that the book was worth $20 "when issued." The railway agent testified: "This book has never been issued. It has to be signed by the agent making the sale and by the purchaser, in order to be good as a ticket book. It is worth $20 when issued." From the defendant's statement it appeared that he sold the ticket book to a traveling salesman for $1.50. If there was no evidence as to value, the court could not by judicial cognizance supply this omission. *Johnson* v. *State*, 109 *Ga.* 268 (34 S. E. 573) ; *Wright* . v. *State*, 1 *Ga. App.* 158 (57 S. E. 1050). Here the proof was positive that the ticket book had never been "issued," and that it was worth $20 "when issued." The necessary inference is that before "issued" it had no value. If it had, its value was not shown. It is argued that the accused is concluded by the fact that he sold the book for $1.50. The fact that he may have found an unsuspecting victim who gave him $1.50 for a worthless article no more proves that the thing was worth that much than would the purchase of a "gold brick" for a larger sum show it to have been of that value. If the contention were sound, neither total nor partial failure of consideration could be urged after payment; and they frequently are.        *Judgment reversed.*