MARY E. M. SINDALL, plaintiff in error, *vs.* JAMES S. JONES, DRUMWRIGHT & COMPANY, defendants in error.

1. Statements of a husband in the presence of his wife and not denied by her, are admissible, the jury being properly cautioned by the court, in the charge, that they " must be satisfied that she was under no constraint whatever by the presence of her husband, but was perfectly free to assent or dissent as she desired," and also that the statements were " made under such circumstances as required an answer or denial from the wife," before they could be held as admissions against her.

2. Where the wife, abandoned by her husband, had made application for a homestead in a house and lot as his property, the same having been attached by certain of the husband's creditors, to whom and to others he was overwhelmingly in debt when he left the state, and the attaching creditors settled the case with her by purchasing the property from her at $1,000 00, it being worth $4,000 00, and where she also held title to the property in her own name, but the deed was attacked for fraud as being paid for largely

with her husband's money, and where the attaching creditors assumed all risk of litigation with others concerning the property:

*Held*, that on a bill filed by the wife to set aside the sale, or to recover the difference between the real value of the land and the price paid, and verdict and decree for defendants, this court will not control the discretion of the presiding judge in overruling a motion for a new trial, the evidence being sufficient to sustain the verdict, and the law having been fairly administered.

Admissions. Evidence. Husband and wife. New trial. Before Judge HALL. Spalding Superior Court. August Term, 1875.

Reported in the opinion.

R. F. LYON; S. D. IRVIN; BOYNTON & DISMUKE, for plaintiff in error.

SPEER & STEWART, for defendants.

JACKSON, Judge.

Sindall left the state overwhelmingly in debt. His wife and child remained in Griffin. Certain creditors, defendants in this bill, attached his house and lot, or that in which he left his family. Mrs. Sindall applied for a homestead in the house as her husband's property. She also held a deed to it in her own name, but this deed was attacked for fraud, on the ground that her husband's money paid largely for it. The attaching creditors bought out her interest, paying for it $1,000 00, the property afterwards selling for $4,000 00, and the creditors assumed all risk of fighting off all other claims. Mrs. Sindall filed a bill to set aside the sale, charging inadequacy of price and undue advantage, etc. On the trial the jury found for the defendants; a motion was made for a new trial, the court refused it, and the case is before us for review.

1. The first question is, are the sayings of the husband, in the presence of his wife, and not denied by her, admissible? Sindall stated in her presence as to the amount of her money when the property was bought, and she silently acquiesced

by saying nothing. The general rule is, that the statements of a third person in the presence of a party not denying, when reasonably called upon to do so, are admissible. Under the qualifications stated by the presiding judge, we see no reason why the principle should not apply to the wife when the husband makes the statement. Those qualifications stated to the jury were, that they "must be satisfied that she was under no constraint whatever by the presence of her husband, but was perfectly free to assent or dissent, as she desired;" and also that the statements "were made under such circumstances as required an answer or denial from the wife." We think this sound and the ruling right.

2. The other question made is, whether the law and facts authorized the verdict. A good many points are made, but no specifications of error in the charge are given; it is only excepted to as a whole. We think that, *as a whole*, it submitted the law of the case fully and very fairly for 'Mrs. Sindall to the jury. The evidence fully authorized the verdict, and we will not control the discretion of the court in refusing the new trial.

Judgment affirmed.