## 2105. COX *v.* THE STATE.

The evidence in behalf of the State being wholly circumstantial in its nature, and the circumstances relied upon being as consistent with the hypothesis of the defendant's innocence as with that of his guilt, the verdict finding him guilty was without evidence to support it, and was contrary to law.

Indictment for gaming; from Hall superior court—Judge Kimsey. July 31, 1909.

Submitted October 6,—Decided November 9, 1909.

*W. B. Sloan,* for plaintiff in error.

*W. A. Charters,* solicitor-general, *Fletcher M. Johnson,* contra.

RUSSELL, J. Granting, as we do, that the testimony of the State's witness in this case is the truth, the circumstances relied upon to sustain the conviction of the defendant are not sufficient. There was no direct evidence. The sheriff testified, "I could not

say positively whether they were all playing or not." It seems from his evidence that the sheriff was notified to go to defendant's house. It was in the night. He found the front door locked, and a crowd of negroes could be heard playing cards inside. He could hear them throw down the cards (particularly one who threw his cards down pretty hard), and he could hear them say, "Play." He could also hear the rattle of money. One of the men was not playing, for he went into the back of the room and lay down on a bed, where he could be seen. He was a one-eyed negro, but not the defendant. After a time the sheriff sent Mr. Little, his deputy, around to the rear of the house, with the instruction to go in. As Little opened the door the negroes blew out the light and three of them ran out. When the sheriff made a light the defendant was sitting by the lamp, and another party was lying on the floor. The sheriff testified that he could not tell whether the defendant was gaming; nor could he tell whether he was one of the players, if the game was innocent. Taking the testimony of the sheriff to be absolutely true, there is no evidence showing the defendant to be guilty of gaming. Even if the inferences that some of the parties in the room were gaming is authorized by the fact that cards were being played and money rattled, the defendant is not identified as one of the players. He did not flee when the others fled; he was not seen with either money or cards while the game was in progress; and though he was somewhere in the room, it is just as likely that he was not engaged in the game as that he was. Indeed, the law presumes primarily that he was not engaged in committing a crime. It is supposable that he was engaged in the game. But in the absence of any circumstance showing that he was, the presumption of his guilt not only is not stronger than the presumption of his innocence, but must yield to it. "To warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis." Penal Code, § 984.

Conceding that the playing of the cards and the rattling of money, and the flight of three of the inmates of the house, establish that gaming was being indulged in, the supposition that the defendant was engaged in the game is no stronger than that he was a mere spectator. In the latter case he would be guilty of keeping a gaming house (if he permitted the players to gamble), but would not be guilty of gaming. *Judgment reversed.*