### 5849.  NIX v. THE STATE.

RUSSELL, C. J.  1. "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." Penal Code, § 1010.

2. The evidence for the State consisted of the testimony of policemen, who testified, that upon suddenly rushing into a room, the door of which was open, they found the defendant and others seated about a table upon which were some poker chips. There were several decks of cards in the room, but they were on a dresser some distance away. One witness testified, "So far as I know, these people had no notice that we were going up there." Another witness testified, "The only device we saw were some poker chips each had before him, and cards on the dresser. . . Our presence caused no commotion, but they might have been surprised." Neither the defendant nor any of the other parties seated about the table had any money or cards thereon, nor did any witness testify that he saw a card played, a bet made, or any money pass between any of the parties. The incriminatory circumstances raised a suspicion of the defendant's guilt, but were consistent with innocence and not sufficient to exclude a reasonable hypothesis of innocence, and for this reason the court erred in overruling the motion for a new trial.

*Kemp* v. *State,* 8 *Ga. App.* 97 (68 S. E. 558); *Wilson* v. *State,* 7 *Ga. App.* 200 (66 S. E. 382); *Cox* v. *State,* 7 *Ga. App.* 22 (65 S. E. 1062); *Griffin* v. *State,* 2 *Ga. App.* 534 (58 S. E. 781).

3. The improbability that the incident which is made a ground of complaint in the remaining assignment of error will recur upon another trial renders unnecessary a consideration of that ground.

*Judgment reversed. Broyles, J., not presiding.*

Decided December 22, 1914.

Accusation of gaming; from city court of Columbus—Judge Tigner. June 22, 1914.

*McLaughlin & Shanks,* for plaintiff in error.

*T. H. Fort, solicitor,* contra.