### 7548. DUDLEY *v.* THE STATE.

WADE, C. J. 1. There is no merit in the grounds of the motion for a new trial relating to the admission of certain evidence tending to show the reputation of the hotel in question as a gaming-house prior to the time when the hotel was raided and gaming discovered therein. The objection urged as to the admission of this testimony was that it was irrelevant, since it was not proved that the defendant had any connection with the hotel, or had ever had any connection therewith, or was in anywise responsible for its reputation at that time. Under repeated rulings of the Supreme Court the general reputation of the place, as well as the reputation of those who frequent it, is admissible in a prosecution for keeping a gaming-house. The defendant on trial and the proprietor of the hotel were jointly indicted, and the defendant's connection with the room in which the game was being conducted at the time of the raid was amply shown. See *Bashinski* v. *State,* 122 *Ga.* 164 (50 S. E. 54); *Rivers* v. *State,* 118 *Ga.* 42, 45 (44 S. E. 859).

2. The 6th and 8th grounds of the amendment to the motion for a new trial, relating to the admission of certain testimony, are without substantial merit, since the testimony objected to was a part of the res gestæ (*Mitchum* v. *State,* 11 *Ga.* 615 (5); *Southern Railway Co.* v. *Brown,* 126 *Ga.* 1, 3, 54 S. E. 911); and for the further reason that the testimony was in the form of a statement by a third person in the presence of the defendant, the circumstances of which demanded a denial on his part. *Davis* v. *State,* 114 *Ga.* 104 (39 S. E. 906); *Morris* v. *Stokes,* 21 *Ga.* 552; *Block* v. *Hicks,* 27 *Ga.* 522; *Slade* v. *Paschal,* 67 *Ga.* 541; *Bray* v. *Latham,* 81 *Ga.* 640 (8 S. E. 64); *Sindall* v. *Jones,* 57 *Ga.* 85.

3. The other special exceptions are without substantial merit. The long-established reputation of the room in which the gaming was conducted, the means of access thereto through the connecting door of the defendant's room, and the other circumstances proved on the trial, warranted the verdict, and the trial judge did not err in overruling the motion for a new trial.                                    . *Judgment affirmed.*

DECIDED JULY 31, 1916.

Accusation of keeping gaming-house; from city court of Columbus—Judge Tigner. May 13, 1916.

*T. T. Miller*, for plaintiff in error.

*T. H. Fort, solicitor*, contra.

*T. T. Miller*, for plaintiff in error.

*T. H. Fort, solicitor*, contra.