## 7926. PHILLIPS v. THE STATE.

WADE, C. J. 1. The accusation charged that the defendant did, on a day named, "unlawfully and with force and arms by himself, servants, and agents, keep, have, use, and maintain a gaming-house and room, and, in a house, place, and room occupied by him, permit persons to come together with his knowledge, and play for money and other valuable things at games and devices for the hazarding of money and other things of value, contrary to the laws," etc. There was circumstantial evidence from which it might be inferred, to the exclusion of every other reasonable hypothesis, that a game played with cards and poker-chips was in progress when the room of the defendant was entered by the police officers, but there was no direct evidence, nor any circumstance in proof, from which it could be inferred, to the exclusion of every other reasonable hypothesis, that either money or other thing of value was placed at hazard in any game, or that any bet or wager had ever been made at any time in the room controlled and occupied by the defendant. The defendant did not own or control the entire building, and the proof that certain persons known by common repute as gamblers had been often seen to enter and leave the building, though never seen in the room occupied by the defendant (while it was a circumstance which might furnish corroboration, if the fact of gaming in the room of the defendant had been otherwise shown), was not sufficient in itself to establish the character of the room or place used and maintained by the defendant. *Held:* The evidence did not support the inference of the defendant's guilt to the exclusion of every other reasonable hypothesis, and the trial judge therefore erred in overruling the motion for a new trial. See *Nix* v. *State*, 15 *Ga. App.* 470 (83 S. E. 876), and cases there cited. The case of *Dudley* v. *State*, 18 *Ga. App.* 509 (89 S. E. 599), is not in conflict with the above ruling as to the admissibility of testimony relating to the general reputation of a place, in a prosecution for keeping a gaming-house.

2. The assignment of error not covered by the foregoing ruling relates. to a matter not likely to recur on another trial, and therefore need not be passed upon.     *Judgment reversed. George and Luke, JJ., concur.*
·DECIDED JANUARY 23, 1917.

Accusation of keeping gaming-house; from city court of Columbus—Judge Tigner. October 7, 1916.

*McLaughlin & Shanks,* for plaintiff in error.

*T. H. Fort, solicitor,* contra.