## 9198. FREEMAN *v.* THE STATE.

Where on the trial of one accused of gaming the evidence shows the presence of the defendant at the time and place of the gaming, but there is no evidence, direct or circumstantial, to show actual participation by the defendant in the game being played, and the evidence on behalf of the State is consistent with the defendant's contention that he was not a participant in the game but merely an onlooker, the evidence is not sufficient to authorize a conviction.

DECIDED DECEMBER 19, 1917.

Accusation of gaming; from city court of Wrightsville—Judge Blount. September 8, 1917.

*Faircloth & Claxton,* for plaintiff in error.

*W. C. Brinson, solicitor,* contra.

HARWELL, J. David Freeman was convicted on an accusation of gaming. The evidence given upon his trial, briefly stated, was as follows: Jackson, the chief of police, having heard that certain negroes contemplated meeting at the house of one Nath Neal at night to play "skin," slipped up to this house and, peering in, saw seven or eight negroes sitting on the floor in a ring. He testified: "The defendant was lying down on his stomach and elbows, with his face towards or fronting the ring where they were all sitting. I can not say that the defendant David Freeman was playing cards. I saw Nath Neal shuffling cards; did not see the defendant have any cards in his hands." This officer went off, returned with other officers, and went into the room. He says: "The defendant David Freeman, when we came back to the house and went in, was standing up in the floor." Little, another witness for the State, who was present in the room where the card game was in progress, testified: "I did not see the defendant David Freeman playing cards, but he was sitting around where Nath Neal was shuffling the cards." The evidence shows that there was some money in the ring. The evidence on behalf of the State does not sufficiently connect the defendant with the game of "skin" going on in the room. Neither the officer nor the witness Little saw him with a card in his hand, nor saw him handle any money or in any way participate in the game. When the officers came in to make a raid they found him standing up, and not engaged in playing. The evidence on his behalf shows that he had been standing up for several minutes before the officers came, and that he had not been gambling, but was merely an onlooker. We

do not think the evidence, which is purely circumstantial, excludes every other reasonable hypothesis than that of his guilt; on the other hand, the evidence for the State is altogether consistent in every particular with the defendant's statement, in which he claims that he was lying down on the floor looking at the game, that he did not play any cards that night nor bet any money at cards. His mere presence where the gambling was in progress, without his connection therewith being shown, is not sufficient to sustain a conviction. See *Griffin* v. *State, 2 Ga. App.* 534 (58 S. E. 781); *Cox* v. *State, 7 Ga. App.* 22 (65 S. E. 1062). In the cases cited by the State's counsel the facts showing the connection of the defendant with the gaming were stronger. In *Hall* v. *State, 12 Ga. App.* 571 (77 S. E. 893), there was circumstantial evidence showing that the defendant was actually playing cards; and the court in this respect differentiates that case from the case of *Griffin* v. *State,* supra. Also, in *Simmons* v. *State, 17 Ga. App.* 288 (86 S. E. 657), the defendant had cards in his hands and money before him. In the case of *Frost* v. *State, 120 Ga.* 311 (47 S. E. 901), the conviction for gaming was upheld on facts very similar to those in the case at bar; but the circumstances tending to connect the defendant with the gambling were stronger. In that case the defendant was in the circle of players and was on his knees, a posture strongly indicative of actual participation in the game; in the instant case the defendant was lying out on the floor and resting on his elbows: the others present and actually engaged in the game were sitting up. Further, one of the State's witnesses, who was present in the room when the game was in progress, testified that he did not see the defendant Freeman playing cards. We are not willing to extend the ruling in the *Frost* case, supra, to this case. Since the evidence in the present record is not only insufficient to exclude every other reasonable hypothesis than that of the defendant's guilt, but is altogether consistent with his assertion of innocence, we feel compelled to reverse the judgment of the lower court refusing him a new trial.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*