### 9618. HAINES v. THE STATE.

A conviction of the offense of gaming was authorized by the evidence in this case.

DECIDED MAY 1, 1918.

Accusation of gaming; from city court of Wrightsville—Judge Blount. February 23, 1918.

*Faircloth & Claxton,* for plaintiff in error.

*W. C. Brinson, solicitor,* contra.

BLOODWORTH, J. The evidence in this case is almost exactly like that in *Frost* v. *State*, 120 *Ga.* 311 (47 S. E. 901), in which the Supreme Court said: "The defendant was indicted for the offense of playing and betting at cards. The evidence disclosed that in a certain house one of the persons named in the indictment was lying on the floor, supported on his elbows, with his head from under the bed, shuffling a deck of cards. The others were arranged around in a circle, in the center of which was thirty or forty cents in nickels. The defendant was included among those who were in the circle, and was on his knees. This was the tableau which met the gaze of the police officer and another person who was with him, when, without warning, they entered the house. The jury could infer from this evidence the defendant's guilt, and their finding, approved by the trial judge, will not be disturbed."

. The instant case is stronger than that of *Freeman* v. *State,* 21 *Ga. App.* 494 (94 S. E. 588), cited by counsel for the plaintiff in error. In that case ·Freeman was indicted for participating in this same game. In the instant case the evidence'shows: that the chief of police of the City of Wrightsville went to the home of Nath Neal, and there saw several negroes sitting in a ring around a lamp which was on the floor; that the accused was "sitting in the ring with the bunch," and Nath Neal was shuffling cards; that he left, and returned ten or fifteen minutes later, and, with the night-watchman and the deputy sheriff, entered the house, and then "the ·defendant Gene Haines was in the party down on the floor around the lamp, and Nath Neal still had the cards in his hands shuffling them, and there was some money down on the floor· in the ring, and cards lying on the floor. Gene Haines was in the crowd around the lamp and cards." In the *Freeman* case, supra, the evidence of the chief· of police was that when he was first at the house "the ·defendant was lying down on his stomach and elbows, with his face towards or fronting the ring where they were all sitting," and when he returned with the other officers. and went into the room, the defendant David Freeman was standing up in the floor. Another witness for the State, who was present in the room where the ·card game was in progress, testified: "I did not see the defendant David Freeman playing cards." Thus is the one case differentiated from the other. While the evidence in the present case is weak and unsatisfactory, the jury are the final arbiters of the facts; no error of law is complained of, and it can not be held that the evidence was not sufficient to authorize the jury to infer that the defendant was guilty.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*