## 24048. WINDHAM *v.* HARMON.

DECIDED JANUARY 7, 1935.

*William T. Thurman,* for plaintiff.
*Quincey O. Arnold, J. C. Miner,* for defendant.

JENKINS, P. J. 1. The courts will not sustain actions for the recovery of property the possession of which is illegal. *Howell* v. *Mathieson,* 146 *Ga.* 838 (92 S. E. 520); *Robertson* v. *Porter,* 1 *Ga. App.* 223, 228, 229 (57 S. E. 993).

2. Beer, "whether alcoholic or not or whether intoxicating or not," being one of the "prohibited liquors and beverages" defined in section 1 of the State prohibition act of 1915 (Ga. L. Ex. Sess. 1915, pp. 77, 79; Michie's Code, § 448(2)), and "no property rights of any kind" existing under section 20 of that act (Michie's Code, § 448(21)) "in said prohibited liquors and beverages, or in the vessels kept or used for the purpose of violating any provision of this act or any law for the promotion of temperance or for the suppression of the evils of intemperance, nor in any such liquors when received, possessed, or stored at any forbidden place or anywhere in a quantity forbidden by law," and section 1 of the amendatory act of 1917 (Ga. L. Ex. Sess. 1917, pp. 7, 8; Michie's Code, § 448(36)) making it unlawful for any one to "receive" from another, "or to have, control, or possess, in this State, any of said enumerated liquors or beverages, whether intended for personal use or otherwise, save as is hereinafter excepted," the possession of beer not being so excepted—an action in trover concerning the possession in this State of beer and bottles for holding the same can not be maintained. The court therefore properly sustained the general demurrer to such a petition.

The holding in *Fears* v. *State,* 102 *Ga.* 274 (29 S. E. 463), that a right of property in spirituous and malt liquors exists, was made

in 1897 before the enactment of the statute to the contrary. The question as to whether intoxicating liquor may be the subject-matter of larceny may be beside the question in this case, since it has been held by many courts that liquors may be the subject of larceny, even though their sale or possession is illegal. See 36 C. J. 747, and cit. In point of fact, however, the case of *Mance* v. *State*, 5 *Ga. App.* 229 (62 S. E. 1053), where it was held that "intoxicating liquor may be the subject-matter of larceny, though it is not the subject-matter of lawful sale," antedated the legislation referred to, as was the case in *Gates* v. *State*, 20 *Ga. App.* 171 (92 S. E. 974), where it also appeared that the liquors "were legally in the possession of a carrier for interstate transportation when stolen." The ruling in *McNulty* v. *Dennard*, 14 *Ga. App.* 13 (2) (80 S. E. 34), that "the possession of whisky or other intoxicating liquor, not obtained *in violation of the prohibition law* [italics ours], may be regained by possessory warrant," likewise was made before the enactment of either the law annulling "property rights of any kind" in the "prohibited liquors and beverages" or the law making their mere possession for any purpose illegal.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*