De Witt TAYLOR, Plaintiff-Appellant,

v.

Col. Theodore McNEAL et al., Defendants-Respondents.

No. 35815.

Missouri Court of Appeals, St. Louis District, Division One.

May 6, 1975.

Fred Roth, Rothman & Roth, Clayton, for plaintiff-appellant.

Jack L. Koehr, City Counselor, John J. Morton, Asst. City Counselor, St. Louis, for defendants-respondents.

RENDLEN, Judge.

Plaintiff appeals from an order of the Circuit Court of the City of St. Louis denying replevin. The order leaves possession of two pistols and other personal property in the defendants as members of the Board of Police Commissioners and the Chief of Police of the City of St. Louis. As a record here, the parties submitted a stipulation of facts supplemented by exhibits, pleadings and testimony of two witnesses.

On February 10, 1973, officers of the St. Louis Police Department came to plaintiff's home at the request of a member of plaintiff's family who reported a distur-

bance. The record does not disclose the nature of the disturbance or which member of the family called. While at plaintiff's home the officers seized two pistols and ammunition clips from plaintiff's "person" and "from the inside of the residence" but there is no indication that plaintiff or any member of his household was arrested or charged with a crime. We conclude they were not. When plaintiff later requested return of the pistols, defendants refused until plaintiff obtained permits from the sheriff in accordance with § 564.630.[1]

Plaintiff applied for permits but the sheriff refused unless he received written assurance or authority from defendants that they (defendants) had no objection to release of the pistols. Defendants in turn declined to provide such written authority on the ground that § 564.630(2) grants the sheriff sole discretion for issuance of the permits.

Caught in this administrative maze, plaintiff sought replevin in the Magistrate Court for return of his property. After judgment for plaintiff, defendants appealed to the Circuit Court where on trial de novo judgment was entered for defendants, and the reason assigned was the want of statutory permits from the sheriff.

■ Replevin is primarily a possessory action for personal property, the gist of which is plaintiff's right to immediate possession and defendants' wrongful detention

of the property. Title may incidentally become involved in cases where ownership is actually tried, but not as here where the issue was neither pleaded nor adjudicated. Strothkamp v. St. John's Community Bank, Inc., 329 S.W.2d 718, 719 (Mo.1959).

■ Defendants do not deny plaintiff's claim of ownership nor attempt to justify the detention by asserting any possessory or property right of their own. The pistols in question are not contraband, In re 1969 Plymouth Road Runner, Black, 2-Door, 455 S.W.2d 466, 470–471[3] (Mo. 1970),[2] and defendants make no claim that replevin does not lie because plaintiff's possession is unlawful, as in the case of certain alcoholic beverages, Windham v. Harmon, 50 Ga.App. 322, 178 S.E. 160 (1935), or gambling apparatus, Clark v. Holden, 191 Miss. 7, 2 So.2d 570 (1941). Under Art. I, § 23, Mo.Const.1945, V.A. M.S., every citizen has the right to keep and bear arms in defense of his home, person and property, with the limitation that this section shall not justify the wearing of concealed arms. However, possession of concealable firearms in one's home is not unlawful in our state. See In re 1969 Plymouth Road Runner, *supra*.

Defendants have justified their refusal to return the pistols solely on the ground that § 564.630 prohibits them from delivering and plaintiff from receiving concealable firearms sans permits from the sheriff

1. All references are to RSMo. 1969 unless otherwise indicated.

§ 564.630 provides in part: "1. No person, other than a manufacturer or wholesaler thereof to or from a wholesale or retail dealer therein, for the purposes of commerce, shall directly or indirectly buy, sell, borrow, loan, give away, trade, barter, deliver or receive, in this state, any pistol, revolver or other firearm of a size which may be concealed upon the person, unless the buyer, borrower or person receiving the weapon shall first obtain and deliver to, and the same be demanded and received by, the seller, loaner, or person delivering the weapon, within thirty days after the issuance thereof, a permit authorizing the person to acquire the weapon. 2. The permit shall be issued by the sheriff of the county in which

the applicant for a permit resides in this state, if the sheriff be satisfied that the person applying for the same is of good moral character and of lawful age, and that the granting of the same will not endanger the public safety . . ." The section further provides a thirty-day period of validity and administrative detail concerning content and handling of the permits. Subsections 3 and 4 deal with the expiration of permits and the alteration, falsification and transfer of permits and applications. Subsection 5 exempts antique firearms from the effect of the statute.

2. Proceeding under Supreme Court Rule 33.03, V.A.M.R., the court ordered the return of a shotgun with sawed barrels which had been unlawfully seized under defective search warrant.

authorizing plaintiff to receive the weapons, and the Circuit Court rested its order on that single proposition. The court interpreted the statute as limiting its authority and stated it was "prohibited by law" from ordering replevin.

■ We disagree and hold that § 564.630 does not apply to delivery and receipt of concealable firearms lawfully seized from or voluntarily relinquished by one in lawful possession to a peace officer properly in performance of his duty, nor their redelivery by the peace officer to such person after the lawful purpose of the seizure had been served. Mere seizure by the police, which involves only temporary custody, does not change title nor right of possession to the property seized.

Under these facts the personal property (two pistols and ammunition clips) is subject to proper order of the court; to otherwise construe this statute would produce absurd results which become apparent in the following situations.

Here the police seized the pistols from plaintiff who peacefully delivered or relinquished possession in his home; yet the officers made no effort to obtain permits from the sheriff nor deliver such permits to plaintiff before the seizure. Similarly, during the course of this proceeding, defendants delivered the pistols to the sheriff who received them without first acquiring permits from himself as sheriff. If plaintiff had delivered the pistols to his favorite gunsmith for repair, permits from the sheriff would not be contemplated. In such situations, it cannot reasonably be

suggested the statute should or was intended to apply.

■ Examining other situations, we find examples of statutes in apparent conflict with a literal interpretation of § 564.-630. In such cases, statutes should be harmonized if possible so they may stand together. Edwards v. St. Louis County, 429 S.W.2d 718, 721[2] (Mo. banc 1968); Flarsheim v. Twenty Five Thirty Two Broadway Corp., 432 S.W.2d 245, 251[3–5] (Mo.1968). For example, under H.C.S. S.C.S. Senate Bill No. 366, § 9, [3] when allegedly stolen property "comes into the custody of an officer" and has not been returned to the person entitled to possession, it shall be delivered by such officer under "order of court" to such person establishing his right to possession. This newly enacted statute contains no suggestion of permit requirements relating to transfer, delivery or receipt of property which might come into the custody of an officer under § 9.1 nor in relation to delivery of such property by order of court under § 9.1(1) et seq. Certainly if the property, referred to in the statute, coming into the possession of an officer is a handgun, that officer need not obtain a permit before receiving such property nor would the court in that situation be controlled by the provisions of § 564.630 when ordering the officer to return the gun to its rightful owner or such other person who is entitled to possession.

■ In each of these instances literal construction of § 564.630 would reach an absurd and unreasonable result. The intention of the legislature must be that the statute does not apply in such cases and

3. "SECTION 9. 1. Unless the statute authorizing seizure provides otherwise, property which comes into the custody of an officer or of a court as the result of any seizure and which has not been returned to the claimant shall be disposed of as follows: (1) Stolen property, or property acquired in any other manner declared an offense by chapters 560 and 561, RSMo, but not including any of the property referred to in subsection 2 of this section, shall be delivered by order of court upon

claim having been made and established, to the person who is entitled to possession . . ."

In September, 1973, when judgment was rendered in the trial court, § 542.310, containing provisions similar to Senate Bill No. 366, was in force. Under § 542.310, when allegedly stolen property came "into the custody of any *sheriff*" (emphasis ours) or other officer named in the statute, he was authorized to hold it subject to orders of court or the order of other officers authorized to direct the disposition thereof.

**152**

the manifest intent of a legislative enactment will prevail over the literal sense of its terms. State ex rel. Kirks v. Allen, 255 S.W.2d 144[2] (Mo.App.1953); Carson v. Oxenhandler, 334 S.W.2d 394, 398 (Mo. App.1960). *Construction of statutes should avoid unjust, unreasonable, absurd or confiscatory results.* State ex rel. Stern Bros. & Co. v. Stilley et al., 337 S.W.2d 934[3] (Mo.1960).

■ Respondents would have us hold that this case is analogous to the transfer of automobiles under § 301.210 which voids a transfer in the absence of a valid certificate of title. However, the situations are clearly distinguishable. § 301.210 specifically mandates documentary evidence of title in derogation of common law and the Uniform Commercial Code which provide for transfer of ownership according to the intentions of the parties, without the necessity of documentation unless required by the parties. § 400.2–401; Turner Looker Liquor Co. v. Hindman, 232 S.W. 1076 [1] (Mo.App.1921), affirmed, 250 S.W. 388. No such requirements are present in § 564.630 and the special provisions of the motor vehicle registration laws are not applicable here. The absence of such provision in the gun permit statute indicates the legislature's intent was to require a permit with penal provision for violation but not to destroy ownership or void a transfer made without such permit.

■ We note that when plaintiff originally acquired these pistols he did so in possible violation of § 564.630 as he made no application for the required permits. This may involve application of the penal provisions of the statute but does not affect his ownership or right to immediate possession as against defendants.

Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment for plaintiff ordering return of the property to him.

WEIER, P. J., and DOWD and CLEMENS, JJ., concur.