Dear Senator Schneider:
This opinion is in response to your question asking whether a corporation, labor union or other organization which makes campaign contributions or expenditures in excess of $500 from its own funds or property is a "committee" within the meaning of the newly-enacted Missouri law on campaign financing, §§ 130.011 to 130.096, V.A.M.S., and is thus required to comply with the organizational and reporting requirements for such committees, as set out in §§ 130.021, 130.036 and130.041, V.A.M.S.
Section 130.011 provides in pertinent part as follows:
 "As used in this chapter, unless the context clearly indicates otherwise, the following terms mean:
 (1) `Person,' an individual, group of individuals, corporation, partnership, committee, proprietorship, joint venture, union, labor organization, trade or professional or business association, association, political party or any executive committee thereof, or any other club or organization however constituted;
 (2) `Candidate,' an individual who seeks nomination or election to public office.
* * *
 (3) `Write-in candidate,' an individual whose name is not printed on the ballot but who otherwise meets the definition of `candidate' in subdivision (2) of this section;
 (4) `Committee,' a person or any combination of persons, except an individual (other than a candidate) dealing with his own funds or property,
who accepts contributions or makes expenditures for the primary or incidental purpose of influencing or attempting to influence the action of voters for or against the nomination or election to public office of one or more candidates or the qualification, passage or defeat of any ballot measure; however, a person or combination of persons, as described in this subdivision, shall not be deemed to be a committee if neither the aggregate of expenditures made nor the aggregate of contributions received during a calendar year exceeds five hundred dollars for any committee other than an incumbent committee or one thousand dollars for an incumbent committee and if no single contributor has contributed more than fifty dollars of such aggregate contributions . . ." (emphasis supplied).
Viewing the literal meaning of the above-quoted provision, without regard to the context and intent of the campaign financing law as a whole, it would seem that a corporation or labor organization which makes an expenditure of more than five hundred dollars in support of or opposition to a candidate or ballot measure is indeed a "committee" under the above definition. While the term "individual" can in some instances include fictitious persons such as corporations and other legal entities as well as natural persons — see Black's Law Dictionary, "individual," at 913 (rev. 4th ed. 1968) — its use in the above-quoted definitions of "person," "candidate" and "write-in candidate" make clear that the meaning of this term in the present context includes natural persons only. Accordingly, a view of the literal meaning of the statute would suggest that the only "persons" spending more than five hundred dollars who are excluded from the definition of "committee" in § 130.011(4) are naturalpersons dealing with their own funds or property.
As reasonable and logical as this conclusion is from a reading of § 130.011 standing alone, however, it results in confusion and contradiction when read in the context of the rest of the campaign financing act. Section 130.051 reads in part as follows:
 "1. Any person who is not a defined committee who makes an expenditure or expenditures aggregating five hundred dollars or more in support of or in opposition to the qualification or passage of one or more ballot measures, other than a contribution made directly to a candidate or committee, shall file a report signed by the person making the expenditure, or that person's authorized agent, disclosing the name and address of the person making the expenditure, the date and amount of the expenditure or expenditures, the name and address of the payee, and a description of the nature and purpose of each expenditure. . . The provisions of this subsection shall not apply to a person who uses only its funds or resources to make an expenditure or expenditures in support of or in coordination or consultation with a candidate or committee, provided that any such expenditure is recorded as a contribution to that candidate or committee and so reported by the candidate or committee being supported by the expenditure or expenditures." (emphasis supplied)
It must be concluded from the above-emphasized language that the drafters of the campaign financing act anticipated and intended that persons spending over $500 — including corporations, labor organizations and other fictitious entities — would, under some circumstances, be excluded from the definition of "committee" under § 130.011(4); indeed, no other significance in the use of the neuter possessive pronoun "its" in the above section can be perceived. Thus, a conflict in interpretation exists within the campaign financing act as to whether these entities may be excluded from the definition of "committee" under the act when the organization's own funds or resources are used and the expenditure is in excess of five hundred dollars.
In resolving such conflicts, "the cardinal rule of statutory construction is to ascertain the intention of the law-making body and as far as possible to give effect to the intention expressed (citation omitted). Household FinanceCorp. v. Robinson, 364 S.W.2d 595, 602 (Mo. banc 1963); see also State ex rel Ashcroft v. Union Electric Co., 559 S.W.2d 216,220-221 (Mo.Ct.App. at K.C. 1977). Further,
 "`If a statute is susceptible of more than one construction, it must be given that which will best effect its purpose rather than one which would defeat it, even though such construction is not within the strict literal interpretation of the statute,. . . .'" Household Finance Corp. v. Robinson, supra at 602, citing 82 C.J.S. "Statutes" § 323, at p. 607.
See also State ex rel Clay Equipment Corp. v. Jensen,363 S.W.2d 666, 670 (Mo. banc 1963); State ex rel Hall v. Bauman,466 S.W.2d 177, 180 (K.C. Ct.App. 1971).
Upon examining the alternative interpretations of the term "committee" for purposes of the campaign financing act, it becomes evident that the inclusion therein of corporations, labor unions and other organizations expending their own funds in a political campaign is inconsistent with the policy underlying that act and results in absurd and detrimental consequences.
The clear intent of the campaign financing law is to secure the full disclosure of all significant political contributions, with the ultimate aim of preventing the corruption and secret influence of candidates by large contributors and misconduct and financial deception by fund-raising committees. In seeking to accomplish this purpose, the act places its greatest focus upon the fund-raising organization, the "committee," whose function it is to solicit and receive contributions and to channel these funds for the benefit of the candidate or a particular position with regard to a ballot proposition; see the descriptions of "candidate," "campaign," "continuing" and "incumbent" committees in § 130.011(4) (a-c). Thus, such committees are required to appoint a treasurer to manage the funds received, § 130.021 (1, 2); maintain a separate bank account for these funds, § 130.021(4); file a detailed statement of organization, § 130.021 (5-7) and a dissolution statement, § 130.021(8); maintain complete records of contributions and expenditures, § 130.036; and file a disclosure report of all such transactions, § 130.041. By contrast, persons who contribute their own funds but who do not act to solicit or collect money from others are required to file only a brief report of the expenditure, and then only when this expenditure is not made directly to a candidate or committee otherwise required to report the transaction under the campaign financing act § 130.051(1). It is clear from the above-cited sections and from the act as a whole that the drafters intended to impose the principal burden of disclosure and accountability upon those actively involved in the fund-raising process, while placing as few restrictions and technical obstructions upon mere contributors as was reasonably possible.
The above-described goals and policies would not be served by including without qualification all corporations, labor unions and other entities expending in excess of $500 within the definition of "committee" under this act. Such an interpretation would impose the considerable filing and reporting requirements set out above upon these entities, regardless of the fact that their only action was as a contributor of their own funds and not as a fund-raiser receiving contributions from others. As a result, it would require every non-individual contributor in this state giving more than $500 to appoint a treasurer, maintain a separate bank account, keep financial records and file a disclosure report of all contributions received by them when in fact they have neither received nor intended to receive such contributions. Moreover, this requirement would result in an unnecessary duplication of reporting, in that contributions must in any event be reported by the fund-raising committee receiving that contribution, and expenditures not made directly to a candidate or committee must be reported by the contributor under § 130.051(1).
To require that all non-individual contributors of over $500 register as committees is not only unnecessarily burdensome, as shown above, but it also raises questions with regard to the First Amendment rights of members of these groups. A recent decision of a federal district court in New York, construing the New York campaign disclosure act, held that the reporting and disclosure requirements of that act (somewhat similar to those in the statute at issue) "can only be constitutionally applied to those groups the major purposeof which is the success or defeat of a `political party or principle, or of any question submitted to vote at a public election'" (emphasis supplied; citation omitted). New YorkCivil Liberties Union, Inc. v. Acito, No. 75 CIV. 5378, slip opinion at 23-24 (S.D. N.Y., July 20, 1978) (copy attached). See also Buckley v. Valeo, 519 F.2d 821, 874 (D.C. Cir. 1975);affirmed in part and reversed in part, 424 U.S. 1 (1976);United States v. National Committee for Impeachment,469 F.2d 1135, 1141 (2nd Cir. 1972); American Civil LibertiesUnion, Inc. v. Jennings, 366 F. Supp. 1041, 1057 (D.D.C. 1973), vacated as moot sub nom. States v. ACCV, 422 U.S. 1030
(1975). While it is unnecessary, in view of the conclusion of this opinion, to resolve whether the committee registration and reporting requirements in the Missouri statute could constitutionally be applied to corporations, labor unions and other entities which merely contribute or expend their own funds in support of a candidate or ballot issue, this question presents an additional basis for the opposite interpretation. See Chamberlin v. Missouri Election Comm'n.,540 S.W.2d 876, 879 (Mo. banc 1976).
As has repeatedly been held by the courts of this state, a statute should not be construed in a manner that would give an absurd or unreasonable result. State ex rel Dravo Corp.v. Spradling, 515 S.W.2d 512, 517 (Mo. 1974); Taylor v.McNeal, 523 S.W.2d 148, 152 (Mo.Ct.App. at St.L. 1975). Moreover,
 "Acting on the presumption that the legislature never intends to enact an absurd law, incapable of being enforced, and on the principle that the reason of the law should prevail over the letter of the law, courts on numerous occasions, confronted with ambiguous or contradictory language, have adopted a construction which modifies the literal meaning of the words, or in extreme cases have stricken out words or clauses regarded as improvidently inserted, in order to make all sections of a law harmonize with the plain intent or apparent purpose of the legislature" (footnote omitted). City of Joplin v. Joplin Water Works Company, 386 S.W.2d 369, 373-374 (Mo. 1965).
See also State ex rel McClellan v. Godfrey, 519 S.W.2d 4, 9
(Mo. banc 1975); Bank of Belton v. State Banking Board,554 S.W.2d 451, 456 (Mo.Ct.App. at K.C. 1970; State ex relPauli v. Geers, 462 S.W.2d 166, 169 (St.L. Ct.App. 1970). Where, as here, two provisions in a legislative enactment are directly contradictory, it is clear that one must yield to preserve the integrity and fulfill the intent of the act. Accordingly, it is submitted, the term "individual" as it is used in § 130.011(4) must be construed as including fictitious entities and organizations, such as corporations and labor unions, as well as natural persons. Therefore, such an entity or organization which expends in excess of $500 of its own funds or property for campaign purposes does not constitute a "committee" under the above-cited section.
CONCLUSION
It is the conclusion of this office that a corporation, labor union or other organization which only makes campaign contributions or expenditures in excess of $500 from itsown funds or property is not a "committee" for purposes of the campaign financing act and is therefore not required to meet with the organizational and reporting requirements of committees under §§ 130.021, 130.036 and 130.041, V.A.M.S.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General